UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

SEVEN SEAS INTERNATIONAL,
A Florida Limited Liability Company

    Plaintiffs,

vs

FRIGOPESCA C.A.,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, Seven Sea International, LLC (hereinafter referred to as "Seven Seas" or "Plaintiffs"), by and through the undersigned counsel and pursuant to the Florida Rules of Civil Procedure, hereby sue Frigopesca C.A. (hereinafter referred to as "Frigopesca" or "Defendant"), and in support thereof states as follows:

## THE PARTIES

1. Defendant is a company incorporated under the laws of Ecuador with its principal place of business at Km 91/2 Via a Daule, Avenida Casuarinas y Tulipanes, Solar 16, a 300 mts del Fuerte Huancavilca Guayaquil-Ecuador. It is deemed a citizen of Ecuador for purposes of 28 U.S.C. § 1332(c).

2. Seven Sea International is a corporation incorporated under the laws of New York but is based and operating in Florida with its principal place of business at 66 W. Flagler Street, Suite 912, Miami, Florida 33136. It is deemed a citizen of Florida for purposes of 28 U.S.C. § 1332(c).

## JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) based on diversity of citizenship of Seven Seas and Frigopesca.

4. The amount in controversy, without interest and costs, exceeds $75,000.00.

5. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b).

6. Seven Seas has retained the law firms of Beachside Legal Services and in connection with the filing of this action and has agreed to pay counsel a reasonable fee for their services. Seven Seas seeks reimbursment of reasonable attorneys' fees and costs for bringing this action pursuant to the contracts between Seven Seas and Frigopesca.

7. All conditions precedent for bringing this action have been fully performed, waived, or excused.

## SUMMARY OF THE FACT

8. Seven Seas is a Miami based company that conducts business in sales, marketing and transport of frozen seafood from suppliers to purchasers throughout the world.

9. Frigopesca is a frozen seafood supplier based in Ecuador that sold its product to Seven Seas knowing the product would in turn be sold to a final purchaser.

10. The damages incurred by Seven Sea arises out of breach of contract between Seven Seas and Frigopesca where Defendant Frigopesca did not comply with multiple guarantees prepared and signed by Defendant as it relates to the purchase and sale of defective goods they supplied to Seven Seas.

11. The goods that were purchased by Seven Seas were deemed defective by Chinese customs and port authorities at their final destination as the product was infected with a virus and in turn rejected from entering the country.

12. Prior to Seven Seas purchasing the frozen shrimp products from Defendant, Defendant provided a Letter of Warranty and guaranteed that Seven Seas would be reimbursed for any costs of purchased product, if denied by customs. Then after Defendant was made aware that the defective goods were rejected from Chinese customs, Defendant provided a second Letter of Warranty guaranteeing reimbursement for any costs of purchased product.

## GENERAL ALLEGATIONS

13. On September 13, 2019 Seven Seas confirmed the purchase of two cargo loads of Frozen Vannamei Shrimp from Defendant. This purchase was memorialized in two commercial invoices ("CI's") numbered #001-001-000000-2988 ("CI 2988") and #001-001-00000-3005("CI 3005"). (see Commercial Invoices attached hereto as composite Exhibit A)

14. Frigopesca CI 2988 shows a purchase by Seven Seas for a total of $101,595.40 plus costs and freight to Qingdao, China.

15. Frigopesca CI 3005 shows a purchase by Seven Seas for a total of $102,121.40 plus costs and freight to Qingdao, China.

16. Both of the Defendant CI's show that the shipments were purchased by Seven Seas International LLC, were loaded and shipped from Ecuador and were to be delivered to No. 532, Tonghe Rd, Qindao Economic and technological Development Zone Qingdao, China 266500 as the final destination.

17. Seven Seas paid for both CI's via wires at the time of shipment. (See wire transfers attached hereto as composite Exhibit B)

18. Prior to the shipments of the respective cargo loads, on September 25, 2019 Defendant prepared a Letter of Warranty stating that Defendant would only provide product of the "highest quality" and "in the event of any unforseen setback with our product at destination port because of customs clearance, our company understands and assumes that must be responsible for reimbursing 7 seas International the values..." (See September 25th 2019 Letter of Warranty attached hereto as Exhibit C)

19. The first container of frozen shrimp, CI 2988, was shipped from Guayaquil Ecuador on October 29, 2019 and was delivered on December 4, 2019 and accepted by customs and port authorities in Qingdao, China.

20. The second container, CI 3005, container number TEMU9331999, was shipped on November, 14, 2019 and arrived to Qingdao, China on December 21, 2019. Upon its arrival it was put on hold for a customs inspection and screening and it was determined that the product in this second container was infected by a virus. That being the case, Chinese customs provided a letter stating that the product was rejected and could not enter the country. (See Notification of Inspection and Quarantine Treatment attached hereto as composite Exhibit D)

21. Upon receipt of this information, Seven Seas notified Defendant via multiple emails and calls that the second container was not being accepted by Chinese customs and that Seven Sea would need to be reimbursed $103, 921.60 (cost of goods purchased plus shipping back to origin) per the Letter of Warranty provided by Defendant. (See correspondence attached hereto as "Exhibit E")

22. In response, Defendant agreed via email and per a phone call that Seven Sea would be reimbursed. Defendant even went to the extent of providing a second Letter of Warranty, dated August 7th, 2020, which again stated that Frigopesca would reimburse Seven Seas for the defective container. In that second Letter of Warranty, Defendant specifically detailed the amount of the CI 3005 invoice and the new invoice sent by Seven Seas, CI LHFZC19-09-2080, for which

Seven Seas needed to be reimbursed totaling $103,921.60. (See August 7th 2020 Letter of Warranty attached hereto as "Exhibit F" and CI LHFZC19-09-2080 of June 15, 2020 attached hereto as "Exhibit G")

23. Nonetheless, after all the exchanges confirming Defendant would reimburse Seven Seas, followed by the multiple attempts by Seven Seas to amicably resolve the issue and even offering to waive additional costs such as storage fees and costs as well as local fees, Seven Seas to date has not received any reimbursement for this defective product.

24. Defendant's breach of their Letters of Warranty directly and proximately caused and continues to cause actual financial harm and damages to Plaintiffs.

25. As a result, Seven Seas paid for goods that were never delivered due to their detrimental reliance on Defendant's representations and guarantee of reimbursement for any issues arising out of customs, and as a result of their representations Frigopesca was compensated for goods never delivered per the agreement.

## COUNT I
## BREACH OF CONTRACT

Plaintiffs hereby re-allege and incorporate by reference the allegations in paragraphs 1 through 25 as though fully set forth in this cause of action, and state as follows:

26. This is an action for damages that directly and proximately resulted from Frigopesca's breach of contract.

27. Seven Seas entered into an agreement with Defendant to deliver $102,121.60 worth of head on shell on of frozen shrimp, plus shipping costs, totaling $103,921.60(costs of good plus shipping and freight to destination plus return of defective product to supplier), to a final destination of Qindao, China. Furthermore, Seven Seas had two written agreements with Defendant that if the delivery of said product were to be stopped or interfered with by customs, Plaintiff would be

reimbursed the value of the shipment.

28. Defendant was bound by this written agreement to deliver the product and reimburse Plaintiff if delivery was not completed due to customs rejecting Defendant's product.

29. Defendant materially breached the agreement and fell short of their legal obligation when they failed to deliver the product due to defective goods that were undeliverable per customs due to their defective nature.

30. Additionally, Defendant breached the agreement by completely disregarding their two Letters of Warranty guaranteeing to reimburse Plaintiff for any defective goods becoming undeliverable due to customs at the destination port.

31. As a direct and proximate result of Defendant's breaches of its obligations under the Contract and Letters of Warranty, Seven Seas suffered and continues to suffer financial damages and will continue to suffer damages.

WHEREFORE, the Plaintiff demands judgment against the Defendant for all damages permitted by law together with costs and such other relief as the Court deems just and proper and demands a trial by jury.

## **COUNT II**

## **CONVERSION**

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 25 as though fully set forth in this cause of action, and re-plead them herein.

32. Seven Seas conferred a monetary benefit onto the Defendants by paying the entire amount owed for the CI 3005 invoice plus shipping. See Exhibit "B".

33. However, Defendant failed to deliver the product that Seven Seas's paid for in full.

34. Nonetheless, Defendant exercised control over the money once the purchase order was finalized and payment of the shipment tendered by Seven Seas and Defendant retained exactly $102,121.60 for the goods plus the $1,800 value of shipping costs.

35. Seven Seas demanded reimbursement of the payment for the goods never received multiple times via written letters and verbally by phone, and Defendants to date have refused to reimburse the money for the undelivered goods to Seven Sea.

36. Seven Seas were injured by the conversion and suffered a loss of $103,921.60 (cost of goods plus cost of shipping to a back from destination) when Defendants wrongfully asserted continued control over Seven Seas' property, which was inconsistent with their proper ownership over the funds paid for goods never delivered.

WHEREFORE, the Plaintiff demands judgment against the Defendant for all damages permitted by law together with costs and such other relief as the Court deems just and proper and demands a trial by jury.

## DEMAND FOR RELIEF

Based on the allegations set forth above and the evidence to be produced at trial, Plaintiffs, SEVEN SEAS INTERNATIONAL LLC respectfully request that the Court enter judgement in their favor and against, Defendant, FRIGOPESCA C.A. as follows:

1. Awarding compensatory money damages in an amount to be determined at trial;
2. Awarding Plaintiffs attorney's fees; and
3. Granting all such other relief as the Court finds just and proper.

Dated this 7 day of December, 2020.

BRIAN J. ABERGEL, ESQ.
Florida Bar No.: 0111322
Beachside Legal Services P.L.L.C.
1180 Highway A1A
Satellite Beach, FL 32937
(321) 255-5501 / (321) 255-5224 Fax
Babergel@beachsidelegal.com
efiling@beachsidelegal.com
Attorney for Plaintiff

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by electronic mail on this ____ day of December, 2020 on all counsel or parties of records on the Service List Below.

_____
Brian J. Abergel, Esquire

## SERVICE LIST

Frigopesca CA
Alex Castillo & Hector Castillo
Km 9 ½ Via a Daule, Avenida Casaurinas y Tulipanes
Mz. 9, Solar 16
Guayaquil, Ecuador
Tel. +593 4 2113201
acastillo@frigopesca.com.ec
Ventas@frigopesca.com.ec